United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSHUA P. MARX and ELIZABETH MARX,<br><br>    Plaintiffs,<br><br>  v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 24-cv-06870-BLF<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>[Re: ECF 20] |

Plaintiffs Joshua and Elizabeth Marx ("the Marxes") filed this suit against Defendant FCA US LLC ("FCA") in state court, asserting state law warranty and fraud claims arising from the purchase of an allegedly defective vehicle. *See* Skanes Decl. ISO Removal Ex. A (Compl.), ECF 1-1. FCA removed the suit to federal district court based on diversity jurisdiction. *See* Not. of Removal ¶ 29, ECF 1.

The Marxes have filed a motion to remand the action to state court, asserting that FCA has not established that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. *See* Pls.' Mot., ECF 20. FCA opposes remand, arguing that the amount in controversy exceeds $75,000, and that the Marxes waived the right to seek remand by litigating for eight months before filing their motion. *See* Def.'s Opp., ECF 22. The Marxes have filed a reply. *See* Pls.' Reply, ECF 23.

The Court previously vacated the motion hearing that had been set for July 31, 2025. *See* Order, ECF 24. The Marxes' motion to remand is DENIED for the reasons discussed below.

## I. BACKGROUND

The Marxes filed this action against FCA in the Santa Clara County Superior Court on August 26, 2024, asserting that FCA failed to meet its warranty and repair obligations with respect to a 2022 Chrysler Pacifica Hybrid that was manufactured by FCA and purchased by the Marxes. *See* Compl. ¶¶ 7-21. The Marxes allege that the vehicle has one or more defects that may cause it to stall, shut off, and/or lose power. *See id.* ¶ 16. The complaint asserts four claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civil Code § 1790 *et seq.*, and a fraud claim under California common law. *See id.* ¶¶ 22-80. FCA answered the complaint while the case was in state court. *See* Skanes Decl. ISO Removal Ex. D (Answer), ECF 1-1.

FCA removed the action to federal district court on September 30, 2024 based on diversity jurisdiction. *See* Not. of Removal ¶ 29, ECF 1. FCA alleges in its notice of removal that there is complete diversity of citizenship between the parties, because the Marxes are citizens of California while FCA is a limited liability company organized under Delaware law, with its principal place of business in Michigan, none of whose members are citizens of California. *See id.* ¶¶ 29-30. FCA alleges that the amount in controversy exceeds the jurisdictional minimum of $75,000. *See id.* ¶¶ 21-23.

The complaint does not specify what amount of money the Marxes are seeking, but rather alleges that they "suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00." Compl. ¶ 35. The complaint also alleges that the Marxes are entitled a civil penalty in the amount of two times actual damages, attorneys' fees and costs, and other relief. *See* Compl. Prayer. FCA asserts that because the complaint seeks at least $35,000 in damages, plus a civil penalty of two times actual damages – which would be $70,000 – it appears on the face of the complaint that the amount in controversy exceeds $75,000, even without considering attorneys' fees. *See* Not. of Removal ¶¶ 19-24.

FCA also asserts that it has submitted evidence sufficient to meet its burden to show that the amount in controversy exceeds the jurisdictional minimum. FCA submits with its notice of removal a copy of the Retail Installment Sale Contract ("RISC") between Plaintiff Joshua Marx

2

1    and Sunnyvale Chrysler Dodge Jeep Ram of Sunnyvale, disclosing that the purchase price of the
2    vehicle was $72,225.58.  *See* Not. of Removal ¶ 10 & Ex. F (RISC).  The Marxes paid additional
3    amounts in finance charges and for an optional service contract.  *See id.*  Taking those charges into
4    account, and deducting a reasonable allowance for use in the amount of $6,179.85, FCA calculates
5    the total amount paid for the vehicle – that is, the amount the Marxes are seeking in actual
6    damages – to be $79,145.47.  *See* Not. of Removal ¶¶ 20-22.  Thus, the Marxes' request for actual
7    damages plus two times that amount as a civil penalty would put the amount in controversy at
8    $237,436.41.  *See id*.  FCA contends that the amount in controversy is well in excess of $300,000
9    if the Marx's requests for punitive damages and attorneys' fees are considered.  *See id*. ¶¶ 22-23.
10       Following removal, the Marxes litigated the case in federal district court for approximately
11   eight months, serving 132 requests for production of documents, 25 interrogatories, and a notice of
12   deposition of defendant with 134 requests for production of documents.  *See* Skanes Decl. ISO
13   Opp. ¶ 5, ECF 22-1.  The Marxes filed the present motion to remand on June 6, 2025.

## II.  LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court if the district court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions based on a federal question, *see* 28 U.S.C. § 1331, or diversity of citizenship, *see* 28 U.S.C. § 1332.  Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A party who contests removal may file a motion to remand.  *See* 28 U.S.C. § 1447(c).  "Removal statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quotation marks and citation omitted).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  *Id*. (quotation marks and citation omitted).

## III.  DISCUSSION

The Marxes seek remand solely based on their contention that FCA has failed to establish

that the amount in controversy exceeds $75,000.  They do not challenge the existence of complete diversity of citizenship between themselves and FCA.  FCA asserts that it has met its burden to show that the amount in controversy exceeds $75,000, and that in any event the Marxes have waived their right to seek remand by litigating this case for eight months following removal.  The Court addresses those issues in reverse order.

### A. Waiver

FCA's waiver argument is without merit.  "Although procedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits, defects pertaining to the subject matter jurisdiction of the court cannot be waived and may be raised at any time." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1226 (9th Cir. 2019) (internal quotation marks, citation, and brackets omitted).  The Marxes challenge the existence of subject matter jurisdiction, specifically, diversity jurisdiction.  That challenge cannot be waived by a delay in seeking remand.  *See Demarest*, 920 F.3d at 1226.

The case cited by FCA addressed waiver of a plaintiff's right to seek remand based on the forum defendant rule, which is procedural rather than jurisdictional.  *See SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022-25 (N.D. Cal. 2017).  That case does not apply here.

### B. Amount in Controversy

The Marxes' remand motion therefore turns on whether FCA has met its burden to show that the amount in controversy exceeds the jurisdictional minimum of $75,000.  A district court may exercise diversity jurisdiction over a civil action only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(a).  FCA argues that it appears on the face of the complaint that the amount in controversy exceeds $75,000, and that it has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

#### 1. Face of Complaint

"[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied

4

1  unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."
2  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  As noted above, the
3  complaint does not allege the amount of damages sought.  Instead, complaint alleges that the
4  Marxes suffered "damages" of "not less than $35,001.00."  Compl. ¶ 35.  Pointing out that the
5  complaint also seeks a civil penalty of up to twice actual damages, FCA reasons that damages of at
6  least $35,000.00, plus a civil penalty of up to twice that amount - $70,000 – meets the
7  jurisdictional threshold of $75,000.
8        The Marxes argue that their allegation of at least $35,001.00 in damages was intended to
9  refer to their *total* recovery, including damages, punitive damages, civil penalties, and attorneys'
10 fees.  Consequently, they argue, the face of the complaint does not disclose an amount in
11 controversy in excess of $75,000.  The Court does not find the Marxes' argument persuasive given
12 that the complaint expressly states that the $35,001.00 refers to the minimum amount of
13 "damages" sought, and "damages" are a different type of recovery than civil penalties and
14 attorneys' fees.  Moreover, the Court notes that the Marxes have declined to stipulate that they
15 seek a total recovery of less than $75,000, instead stating that they "do not take any position here
16 on the total amount of damages recoverable in this case and do not waive any arguments
17 concerning the total amount of damages."  Pls.' Mot. at 2 n.1.
18       However, the Marxes cite a number of district court cases in this circuit finding that
19 damages allegations such as those at issue here were not sufficient to meet the jurisdictional
20 minimum for diversity jurisdiction on the face of the complaint.  *See Hernandez v. FCA US, LLC*,
21 No. 5:24-CV-02501-SB-SHK, 2025 WL 504366, at *1-2 (C.D. Cal. Feb. 13, 2025) (collecting
22 cases).  This Court need not decide whether to follow or diverge from those authorities, because
23 FCA has submitted evidence showing that the amount in controversy exceeds $75,000.  That
24 evidence is discussed as follows.
25       **2.    Preponderance of the Evidence**
26       "Where [] it is unclear from the face of the complaint whether the amount in controversy
27 exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of
28 the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Chavez v.*

1  *JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citation
2  omitted). "The amount in controversy may include damages (compensatory, punitive, or
3  otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under
4  fee shifting statutes." *Id.* (quotation marks and citation omitted). "In assessing the amount in
5  controversy, we may consider allegations in the complaint and in the notice of removal, as well as
6  summary-judgment-type evidence relevant to the amount in controversy." *Id.*

7  The Marxes seek damages, a civil penalty of up to twice actual damages, punitive
8  damages, and attorneys' fees and costs.

### a.  Actual Damages

Under the Song-Beverly Act, a plaintiff may recover "an amount equal to the actual price paid or payable by the buyer," offset by any decrease in the car's value "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The decrease in value is based on the number of miles the buyer drove the vehicle prior to the first attempted repair. *See id.* § 1793.2(d)(2)(C). District courts within the Ninth Circuit disagree whether this decrease in value, generally referred to as the "use offset" or the "mileage offset," should be considered when determining the amount in controversy for purposes of diversity jurisdiction. *See Cabrera v. FCA US LLC*, No. 1:22-cv-00431-NODJ-BAM, 2023 WL 8477970, at *2 (E.D. Cal. Dec. 7, 2023) (comparing cases).

This Court need not resolve the issue of whether the use offset should be applied when determining the amount in controversy, because the evidence of actual damages submitted with FCA's opposition brief accounts for the use offset. FCA submits with its notice of removal a copy of the Retail Installment Sale Contract ("RISC") between Plaintiff Joshua Marx and Sunnyvale Chrysler Dodge Jeep Ram of Sunnyvale, disclosing that the purchase price of the vehicle was $72,225.58. *See* Not. of Removal ¶ 10 & Ex. F (RISC). The Marxes paid additional amounts in finance charges and for an optional service contract. *See id.* Taking those charges into account, and deducting a reasonable allowance for use in the amount of $6,179.85, FCA calculates the total amount paid for the vehicle – that is, the amount the Marxes are seeking in actual damages – to be

6

$79,145.47.  *See* Not. of Removal ¶¶ 20-22.

The Marxes contend that FCA's submission of the RISC and calculation of the mileage offset does not provide an accurate damages figure.  The Marxes do not offer any competing measure of damages, they merely argue that FCA's calculations based on record evidence is inadequate.  However, courts in this district – including this Court – have accepted such evidence as sufficient to establish damages in similar Song-Beverly Act cases.  *See, e.g., Carrington Stonemasons, Inc. v. Ford Motor Co.*, No. 24-CV-00080-BLF, 2024 WL 1745038, at *3 (N.D. Cal. Apr. 22, 2024).  The Court accepts FCA's assertion of actual damages in the amount of $79,145.47.[1]

### b. Civil Penalty

In addition to actual damages, the Marxes seek a civil penalty of up to twice actual damages.  *See* Compl., Prayer.  Under the Song-Beverly Act, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c).  Using the above calculation of actual damages in the amount of $79,145.47, then, the Marxes seek a civil penalty of up to 158,290.94 ($79,145.47 x 2).  Adding this requested penalty to the requested actual damages, the Marxes seek a up to $237,436.41, well in excess of the jurisdictional threshold of $75,000.

The Marxes suggest that FCA must show not only that they seek monetary relief in excess of $75,000, but that they are likely to recover in excess of $75,000.  That argument is foreclosed by the Ninth Circuit's holding that "[t]he amount in controversy is not a prospective assessment of [a] defendant's liability." *Chavez*, 888 F.3d at 417 (quotation marks and citation omitted, alteration in original).  For purposes of satisfying the amount in controversy requirement, the relevant amount is not what the Marxes are likely to recover, but "[r]ather, it is the amount at stake in the underlying litigation." *Id*. (quotation marks and citation omitted).

The Marxes argue that many district courts in this circuit have declined to consider requests for civil penalties in the calculation of amount in controversy, string-citing a number of

---

[1] The Court takes the $79,145.47 figure from FCA's Notice of Removal and evidence attached thereto.  FCA's opposition brief uses the figure $79,147.47, but that appears to be a typo.

7

1   such cases. This Court declines to follow those cases, as they are directly contrary to the Ninth
2   Circuit's articulation of the defendant's burden in *Chavez*. Applying the controlling Ninth Circuit
3   precedent, this Court considers the Marxes' request in the complaint for actual damages plus a
4   civil penalty of up to twice actual damages. This approach is consistent with that of numerous
5   district courts within the Ninth Circuit. *See, e.g., Van Horn v. Gen. Motors, LLC*, No. 23-CV-
6   04320-PCP, 2024 WL 1335195, at *1 (N.D. Cal. Mar. 27, 2024) (finding jurisdictional threshold
7   met based on consideration of vehicle purchase price and plaintiff's request for a civil penalty
8   under the Song-Beverly Act in an amount equal to twice her damages); *Solis v. Nissan N. Am.*
9   *Inc.*, No. CV 24-00728-MWF (EX), 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) ("Several
10  courts have found that the maximum recoverable civil penalty – two times Plaintiff's actual
11  damages – should be considered for purposes of determining the amount in controversy.");
12  *Cabrera*, 2023 WL 8477970, at *2 ("[T]he court will include the requested civil penalties in the
13  amount in controversy.").

### c.     Attorneys' Fees

15  The Marxes request reasonable attorneys' fees in an unspecified amount. *See* Compl.,
16  Prayer. A buyer who prevails on an action under the Song-Beverly Act may recover attorneys'
17  fees "reasonably incurred by the buyer in connection with the commencement and prosecution of
18  such action." Cal. Civ. Code § 1794(d). "[A] court must include future attorneys' fees
19  recoverable by statute or contract when assessing whether the amount-in-controversy requirement
20  is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018)

21  FCA submits a declaration of counsel stating that attorneys' fees in Song-Beverly Act
22  cases commonly exceed $25,000. *See* Skanes Decl. ISO Removal ¶ 12. FCA's counsel presents
23  evidence that the law firm representing the Marxes in this case sought attorneys' fees and costs in
24  excess of $100,000 in a similar Song-Beverly Act case. *See id.* & Ex. G. The Marxes argue that
25  evidence of attorneys' fees their counsel sought in another action is irrelevant. The Court
26  disagrees, and finds that evidence that the same law firm sought in a similar case is relevant to
27  determining the amount in controversy for purposes of diversity jurisdiction. However, the Court
28  notes that even if the evidence of reasonable attorneys' fees sought in this case is excluded, FCA

8

has established that the amount in controversy exceeds the jurisdictional minimum based on the damages and civil penalty sought.

### d. Conclusion Re Amount in Controversy

Based on the foregoing, the Court finds that FCA has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000. For that reason, the Marxes' motion to remand is DENIED.

## IV. ORDER

(1) The motion to remand is DENIED.

(2) This order terminates ECF 20.

Dated: August 25, 2025

_____
BETH LABSON FREEMAN
United States District Judge