United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA P MARX, et al.,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 24-cv-06870-BLF   (SVK)

**ORDER RE DISCOVERY DISPUTE AT DKT. 36**

Re: Dkt. No. 36

Before the Court is the Parties' Joint Statement regarding Defendant's production of documents in this Song-Beverly dispute. Dkt. 36. To summarize, Plaintiff seeks expansive discovery directed to the Subject Vehicle as well as other vehicles of the same make and model suffering from the similar problems from all databases and all "agents" of Defendant. Defendant primarily objects on grounds of overbreadth and lack of proportionality, citing California Code of Civil Procedure ("Calif. C. Civ. Pro.") § 871.26(h) which identifies documents to be produced in *Song-Beverely* actions in state court. Having considered the record before it and the relevant law, including Calif. C. Civ. Pro. § 871.26 and Federal Rule of Civil Procedure ("Fed. R. Civ. Proc.") 26 and 34, the Court determines that this matter may resolved without oral argument. Civ. L.R. 7-1(b).

In this action, Plaintiff's requests are impermissibly vast (*e.g.,* RFP 1: "All DOCUMENTS regarding the SUBJECT VEHICLE that are maintained in YOUR databases." Dkt. 36-3) and Defendant's position statements impermissibly conclusory, (e*.g., in re* RFP 1: FCA US has complied in full with this Request and produced all responsive documents within its possession, custody or control," followed by a lengthy list of documents without identifying to what any particular document pertains. *Id.*) As a result, it is not judicially efficient to review and rule on each disputed request individually. Accordingly, the Court **ORDERS** as follows:

United States District Court
Northern District of California

1. **No later than February 26, 2026**, the Parties are to meet and confer in good faith pursuant to the guidance provided by this Court below to resolve all outstanding production issues;

2. **No later than 12 p.m. on March 4, 2026**, any remaining issues are to be submitted in accordance with this Court's standing order;

3. **On March 10, 2026, at 10 a.m**., the Court will hold an in-person discovery hearing on remaining issues. **Counsel appearing must have full authority to negotiate and compromise and must be prepared to remain at Court the entire business day to engage in further meet and confer as ordered by the Court**.

The Parties' meet and confer as ORDERED at step 1 above is to be conducted with the following guidelines in mind:

- **Definitions.** Plaintiff's proffered "Defect Definition," excluding categories (5) and (6), and the proffered "Engine Defect" definition are acceptable for meet and confer purposes to resolve the outstanding disputes.

- **Calif. C. Civ. Pro. § 871.26**. This legislation provides for an early and relatively broad disclosure of documents by plaintiffs and defendants in *Song-Beverly* actions, to be followed by mediation. While not an exclusive list of all documents to be produced in a case and not binding on this Court, the Court does find that the California legislation facilitates more efficient litigation of these matters and is a helpful guide to the relevant and proportional discovery required by Federal Rule of Civil Procedure 26(b)(1).

  Any production of documents listed in Calif. C. Civ. Pro. § 871.26(h) <u>or</u> the categories of documents listed on page 10 of the Joint Statement, including "[A] list or compilation of customer complaints in Defendant's electronically stored information database that are substantially similar to the alleged defect claim by Plaintiff, in vehicles purchased in California for the same year, make and model of the Subject Vehicle (e.g., Customer Assistance Inquiry Records database search)" must include keys to all codes and abbreviations such that the content of each document is clear and comprehensible. Such productions must also be complete. Narrative summaries are acceptable. However, where

United States District Court
Northern District of California

a narrative is indicated, the absence of a narrative or narrative summary requires either further production or an affirmative, <u>verified</u>, statement that the narrative was searched for and not found.

- **Custody and Control."**  A keystone issue is whether Defendant has "control" over documents held by its authorized dealerships who, in this case, sold or leased and serviced the Subject Vehicle.  Neither Party addresses this point adequately, instead making only conclusory statements:  Plaintiff in a footnote citing only a general principle of agency; Defendant referring to "independent authorized sales and service" facilities.  Dkt. 36 at 3, fn. 3 and at 10, respectively.  Notably, Defendant does not state unequivocally that it does not have "custody or control" over documents held by its authorized dealers and concedes that it produced the "Retail Installment Sales Contract *obtained from an independently owned and operated authorized sales facility* regarding the Subject Vehicle."  Dkt. 36-3 at 6 (emphasis supplied).

For purposes of production, a party has sufficient "control" over documents held by another party if the first party has the legal right to obtain the documents from the second party upon demand.  *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).  Accordingly, Defendant is to consider its position on this issue with care, and the Parties are to meet and confer regarding production of responsive documents held by the relevant authorized dealers.  If Defendant maintains its position that such documents are not within its custody and control, it will have to support its position with a declaration from a client representative with personal knowledge, and as well as a declaration of counsel, that it is unable to direct the authorized dealerships to provide it with documents.  **The supporting declarations are to be filed on March 4, 2026 along with the supplemental joint submission ordered above**.

////

////

////

3

- Finally, the Parties are to agree upon a reasonable but expedited deadline for supplemental responses and productions that does not negatively impact the remainder of the case schedule.

**SO ORDERED.**

Dated: February 23, 2026

_Susan van Keulen_

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California