United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOSHUA P. MARX and ELIZABETH MARX,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 24-cv-06870-BLF

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

[Re: ECF 74]

Plaintiffs Joshua and Elizabeth Marx settled their lemon law case against Defendant FCA US LLC for $144,000 plus reasonable attorneys' fees and costs. *See* Judgment, ECF 71. The Clerk has taxed costs in the amount of $1,062.20 against Defendant. *See* Taxed Costs, ECF 83. Plaintiffs now seek attorneys' fees in the amount of $135,367.55. *See* Pls.'s Fees Mot., ECF 74; Pls.' Reply, ECF 89.[1]

Plaintiffs' motion is GRANTED IN PART. Plaintiffs are awarded $58,396.50 in reasonable attorneys' fees.

## I. BACKGROUND

Plaintiffs filed this suit in state court, asserting that Defendant failed to meet its warranty and repair obligations with respect to a 2022 Chrysler Pacifica Hybrid that allegedly had defects causing it to stall, shut off, and/or lose power. *See* Compl. ¶¶ 7-21, ECF 1-1. The complaint asserted four claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly

[1] Plaintiffs request $136,767.55 in their motion but modify that request to $135,367.55 in their reply.

United States District Court
Northern District of California

Act"), Cal. Civil Code § 1790 *et seq*., and a fraud claim under California common law. *See id.* ¶¶ 22-80. Defendant removed the case to federal district court based on diversity jurisdiction. *See* Notice of Removal, ECF 1.

Plaintiffs litigated the case in federal district court for approximately eight months before filing a motion to remand for lack of subject matter jurisdiction. *See* Pls.' Mot. to Remand, ECF 20. Plaintiffs did not challenge the existence of complete diversity of citizenship between Plaintiffs and Defendant. *See id*. The remand motion was premised on Plaintiffs' contention that Defendant failed to establish that the amount in controversy exceeded $75,000. *See id*. The Court found a hearing to be unnecessary and easily found that the amount in controversy exceeded the jurisdictional minimum. *See Marx v. FCA US LLC*, No. 24-CV-06870-BLF, 2025 WL 2446551, at *1 (N.D. Cal. Aug. 25, 2025). Defendant presented unrefuted evidence that Plaintiffs' claim for actual damages, measured by the amount they paid for the vehicle, was $79,145.47. *See id*. at *4. That amount alone was sufficient to meet the $75,000 threshold, but Plaintiffs also sought a civil penalty of up to twice actual damages, bringing the amount in controversy up to $237,436.41 before consideration of attorneys' fees. *See id*. at *4-5.

After denial of their remand motion, Plaintiffs spent nine months taking discovery and litigating discovery issues. Plaintiffs ultimately accepted Defendant's offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of $144,000 plus reasonable attorneys' fees and costs. As noted above, the Clerk has taxed costs. Plaintiffs now seek an award of attorneys' fees in the amount of $135,367.55.

## II. LEGAL STANDARD

"Because this is a diversity case, state law governs both the right to fees and the method of calculating the fees." *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (quotation marks and citation omitted). Under California law, a prevailing buyer in a Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on the actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such an action." Cal. Civ. Code § 1794(d).

United States District Court
Northern District of California

Attorneys' fees under Section 1794(d) are calculated using the "lodestar adjustment method." *Reynolds v. Ford Motor Co.*, 47 Cal. App. 5th 1105, 1112 (2020). The court calculates the lodestar by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. *See Reynolds*, 47 Cal. App. 5th at 1112. Under the Song Beverly Act, compensable attorney time "is limited to actual hours both expended and determined by the court to be reasonably incurred." *Id.* (quotation marks and citation omitted). "Reasonable hourly compensation is based on prevailing hourly rates in the community, thereby anchoring the calculation to an objective standard." *Id.* (quotation marks and citation omitted).

Once the lodestar has been calculated, it may be adjusted upward by applying a multiplier based on factors including: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Reynolds*, 47 Cal. App. 5th at 1112 (quotation marks and citation omitted). Conversely, "[i]f the time expended or the monetary charge being made for the time expended is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 817 (2006)

The movant "has the burden of showing that the fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Robertson*, 144 Cal. App. 4th at 817-18. "The party opposing the fee award can be expected to identify the particular charges it considers objectionable." *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009).

## III. DISCUSSION

Plaintiffs are entitled to attorneys' fees under Section 1794(d) as the prevailing parties in this case. The parties' dispute centers on the amount of fees to be awarded. Plaintiffs seek $135,367.55, comprising: (1) a lodestar of $60,663 for lead counsel Strategic Legal Practices, APC ("SLP"); (2) a lodestar of $37,275 for co-counsel Eco Tech Law Group, P.C. ("Eco Tech"); (3) a 1.35 multiplier on the lodestars; and (4) an additional $2,600 for preparation Plaintiffs' reply in support of their attorneys' fees motion.

Defendant argues that the requested fees are excessive. Specifically, Defendants contend that the case was grossly overstaffed; many of the claimed hours were cumulative, and unnecessary; several timekeepers' hourly rates are too high; vague billing entries and block billing entries should be disregarded; and no multiplier is warranted.

**A. Hours Actually and Reasonably Expended**

The Court begins by considering the hours actually expended by Plaintiffs' counsel and the reasonableness of those hours. Plaintiffs submit records for 16 timekeepers who worked a total of 141 hours on the case: 15 timekeepers from lead counsel SLP and 1 timekeeper, Dara Tabesh, from co-counsel Echo Tech. The following chart lists the hours requested for each timekeeper and the hours awarded by the Court. The Court explains below its reasons for reducing some timekeepers' hours.

| | Timekeeper | Hours Requested | Hours Awarded |
|---|---|---|---|
| 1 | Tionna Carvalho | 2.5 | 2.5 |
| 2 | Larry Chae | 0.7 | 0 |
| 3 | Cindy Claxton | 9.5 | 9.5 |
| 4 | Amir Dehghani | 0.4 | 0 |
| 5 | Ainat Kiewe | 6.9 | 2.7 |
| 6 | Dheeraj Kumar | 1.0 | 0 |
| 7 | Elizbeth Larocque | 18.9 | 17.8 |
| 8 | Tara Mejia | 0.7 | 0 |
| 9 | Amol Sanap | 4.0 | 0 |
| 10 | Payam Shahian | 30.2 | 17.8 |
| 11 | Aggresh Vajpai | 1.5 | 0 |
| 12 | Sanam Vaziri | 0.5 | 0 |
| 13 | Greg Yu | 7.0 | 0 |
| 14 | Aarushi Khanna | 4.0 | 4.0 |
| 15 | Angel Baker | 0.7 | 0 |
| 16 | Dara Tabesh | 52.5 | 30.5 |
| | **Totals** | **141** | **84.8** |

Of the 15 SLP timekeepers, 5 did less than 1 hour of work on the case: Larry Chae, Chief Trial Counsel/partner (0.7 hours); Amir Dehghani, administrative clerk (0.4 hours); Tara Mejia, associate attorney (0.7 hours); Sanam Vaziri, associate attorney (0.5 hours); and Angel Baker, associate attorney (0.7 hours). As a practical matter, those 5 individuals could not have done much more than get up to speed on the case in less than an hour, let alone add value to the work performed by the other 11 timekeepers. "While the number of attorneys working on the matter

does not, by itself, suggest over-billing, where it causes multiple attorneys to have to get up-to-speed on an action that would otherwise not be required, the Court agrees that some reduction in the hours/fees reported/requested is appropriate." *Munguia v. Ford Motor Co.*, No. CV 18-9008-GW(KSX), 2019 WL 13039950, at *3 (C.D. Cal. Dec. 12, 2019); *see also Hernandez v. FCA US LLC*, No. CV 17-5452-GW(ASX), 2019 WL 2932637, at *6 (C.D. Cal. Jan. 4, 2019) ("The sheer number of attorneys and law firms in this lemon law case was excessive, reducing their efficiency (i.e. needlessly repeating a factual and legal learning curve – i.e. 'getting up to speed') and (even though perhaps unintended) inflating their hours."). Given the ample staffing by 11 other timekeepers, the Court finds that it was inefficient and unreasonable to add five additional timekeepers who spent less than one hour each on this case. The Court declines to include in the lodestar calculation work performed by Larry Chae, Amir Dehghani, Tara Mejia, Sanam Vaziri, and Angel Baker.[2]

The Court also declines to award fees for time spent on Plaintiffs' motion to remand, which was so lacking in merit as to be frivolous. The motion was stricken when initially filed, because it failed to comply with the undersigned's Standing Order Re Civil Cases. *See* Order, ECF 19. Once the motion was refiled and briefed, the Court denied it without a hearing in a written order making clear the $75,000 jurisdictional threshold was satisfied based solely on Plaintiffs' claim for actual damages (the amount Plaintiffs paid for the vehicle). *See Marx*, 2025 WL 2446551, at *4. When Plaintiffs' claim for civil penalty was considered, the jurisdictional threshold was exceeded by more than $150,000. *See id*. at *4-5. On this record, the Court concludes that the hours spent litigating the remand motion were not reasonably incurred. *See Salvage v. Kia Motors Am., Inc.*, No. CV 09-6353-GHK (VBKx), 2010 WL 11596178, at *2 (C.D. Cal. July 20, 2010) (finding that counsel in lemon law failed to show that fees incurred in litigating unsuccessful motion to remand were reasonably incurred). That conclusion results in a reduction of the following hours expended by the listed timekeepers: Aina Kiewe, 4.2 hours;

---

[2] Plaintiffs make a separate request for 4 hours spent by Angel Baker in preparing the reply in support of the present motion. Those 4 hours are not included in Plaintiffs' fee charts or lodestar calculation, and are addressed below after the Court's calculation of the adjusted lodestar through the filing of the attorneys' fees motion.

United States District Court
Northern District of California

Elizabeth Larocque, 1.1 hours; Payam Sanap, 12.4 hours; and Greg Yu, 7.0 hours.

The Court is perplexed by the amount of time spent on the case by Dara Tabesh, who states in his declaration that SLP frequently brings him in as co-counsel to handle discovery in Song-Beverly Act cases. *See* Tabesh Decl. ¶ 6, ECF 74-2. Mr. Tabesh's records indicate that out of 52.5 total hours spent on the case, he spent 45 hours doing discovery-related tasks. There does not appear to be anything special about this cookie-cutter lemon law case that would have warranted an expenditure of that amount of time on discovery from a senior attorney with more than twenty years of experience. Mr. Tabesh spent at least 11 hours on travel time and a like amount of attorney time on meet-and-confer and discovery hearings that were also attended by co-counsel. When the Court asked for an explanation regarding Mr. Tabesh's conduct, the attorney representing Plaintiffs at the hearing on the fees motion was unable to provide one because she was completely unfamiliar with this case and its staffing. The Court finds that 22 hours of Mr. Tabesh's time was not reasonably expended in this case, because those hours were spent on tasks that were duplicative, unnecessary, and not typically performed by senior attorneys at his level.

Finally, Plaintiffs have not demonstrated an entitlement to fees with the respect to the hours worked by Dheeraj Kumar, Amol Sanap, and Aggresh Vajpai, who are referred to as "administrative clerks." The Court is unfamiliar with the term "administrative clerks" in the context of a motion for attorneys' fees. It is entirely unclear from Plaintiffs' papers what education and experience these three individuals have that would warrant an award of attorneys' fees for their work. For example, with respect to Dheeraj Kumar, Plaintiffs cite a Santa Clara County Superior Court case (not provided as an exhibit) allegedly "approving Joshua Ponce's clerk rate $285." Shahian Decl. ¶ 14.h. Plaintiffs go on to assert that Dheeraj Kumar has similar experience to the unknown Joshua Ponce. *See id*. The information provided by Plaintiffs with respect to the Dheeraj Kumar and the other administrative clerks is insufficient to establish that the hours those individuals worked should be included the calculation of an attorneys' fees award here.

The Court finds the remaining hours requested by Plaintiffs' counsel to be adequately documented and reasonable.

**B. Reasonable Hourly Rates**

Having determined the number of hours reasonably expended by each timekeeper, the Court considers the hourly rates Plaintiffs request for those timekeepers. The following chart lists the requested and approved hourly rates for each timekeeper who performed compensable work on the case. The Court explains below its reasons for reducing some of the requested hourly rates.

| | Timekeeper | Rate Requested | Rate Awarded |
|---|---|---|---|
| 1 | Tionna Carvalho | $595, $650, $665 | $637 |
| 2 | ~~Larry Chae~~ | -- | -- |
| 3 | Cindy Claxton | $595 | $595 |
| 4 | ~~Amir Dehghani~~ | -- | -- |
| 5 | Ainat Klewe | $635 | $635 |
| 6 | ~~Dheeraj Kumar~~ | -- | -- |
| 7 | Elizbeth Larocque | $595, $650, $675 | $640 |
| 8 | ~~Tara Mejia~~ | -- | -- |
| 9 | ~~Amol Sanap~~ | -- | -- |
| 10 | Payam Shahian | $910 | $650 |
| 11 | ~~Aggresh Vajpai~~ | -- | -- |
| 12 | ~~Sanam Vaziri~~ | -- | -- |
| 13 | ~~Greg Yu~~ | -- | -- |
| 14 | Aarushi Khanna | $360 | $200 |
| 15 | ~~Angel Baker~~ | -- | -- |
| 16 | Dara Tabesh | $710 | $650 |
| | | | |

"In lemon law cases such as this, courts in this [d]istrict have approved hourly rates ranging from $225-$650/hour." *Nemati v. Tesla, Inc.*, No. 25-CV-00302-EKL, 2026 WL 2280668, at *3 (N.D. Cal. Aug. 3, 2026) (quotation marks and citations omitted); *see also Kohan v. Lucid Grp. USA, Inc.*, No. 3:24-CV-02030-JSC, 2025 WL 3675115, at *3 (N.D. Cal. Dec. 18, 2025) (approving hourly rates from $150 for law clerks to $600 for attorneys); *Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *2 (N.D. Cal. Mar. 10, 2022) (collecting cases); *Chen v. BMW of N. Amer.*, 2022 WL 18539356, at *3-4 (N.D. Cal. Nov. 14, 2022) (approving hourly rates between $400 and $600); *Wu v. BMW of N. Am., LLC*, 2022 WL 2802979, at *3-4 (N.D. Cal. July 18, 2022) (awarding attorneys $450 to $600); *Covarrubias v. Ford Motor Co.*, 2021 WL 3514095, at *4-5 (N.D. Cal. Aug. 10, 2021) (approving hourly rates for between $385 and $550); *Cardoso v. FCA US LLC*, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) (approving hourly rates of $340 to $624).

United States District Court
Northern District of California

Plaintiffs request rates at the high end of this range for attorneys Tionna Carvalho and Elizabeth Larocque. For Ms. Carvalho, Plaintiffs request hourly rates of $595, $650, and $665 for work done in the years 2024, 2025, and 2026, respectively. For Ms. Larocque, Plaintiffs request hourly rates of $595, $650, and $675 for work done in the same years. Both attorneys are partners with significant experience litigating actions under the Song-Beverly Act. Accordingly, the Court finds the requested rates to be reasonable. Unfortunately, Plaintiffs' fees charts do not break out the work performed by Ms. Carvalho and Ms. Larocque by year. In these circumstances, the Court finds that the most reasonable approach is to award each attorney a blended rate for the years 2024, 2025, and 2026. The Court will calculate fees for work done by Ms. Carvalho at an hourly rate of $637 and fees for work done by Ms. Larocque at an hourly rate of $640.

Plaintiffs request hourly rates of $595 and $635 for attorneys Cindy Claxton and Ainat Klewe, respectively. Those rates fall within the range of rates commonly awarded in this district for lemon law cases. The Court finds the rates sought by Cindy Claxton and Ainat Klewe to be reasonable given that both have been practicing law for twenty years or more.

The hourly rates requested for attorneys Payam Shahian and Dara Tabesh are significantly higher than those generally awarded in lemon law cases in this district. Plaintiffs seek an hourly rate of $910 for Payam Shahian and an hourly rate of $710 for Dara Tabesh. Plaintiffs have not cited a single case from this district, or any district, awarding similar rates in Song-Beverly Act cases.

Plaintiffs assert that "Courts in the Northern District regularly approve rates without reduction." Pls.' Reply at 2. However, the cases cited in support of that assertion do not support an hourly rate even close to the rates sought by Mr. Shahian and Mr. Tabesh. *See, e.g.*, *Ricksecker v. Ford Motor Co.*, No. 21-CV-04681-HSG (SK), 2023 WL 1542199 (N.D. Cal. Feb. 3, 2023), *report and recommendation adopted*, No. 21-CV-04681-HSG, 2023 WL 2189497 (N.D. Cal. Feb. 22, 2023) (awarding hourly rates between $350 and $595); *Covarrubias*, 2021 WL 3514095, at *4 (awarding hourly rates between $385 and $550). While Mr. Shahian and Mr. Tabesh are senior attorneys with substantial relevant experience, their rates here must be "based on prevailing hourly rates in the community, thereby anchoring the calculation to an objective standard." *Reynolds*, 47

Cal. App. 5th at 1112 (quotation marks and citation omitted). Accordingly, the Court finds it reasonable to approve an hourly rate of $650 – the top end of the range of rates commonly awarded to lemon law attorneys in this district – for Mr. Shahian and Mr. Tabesh in light of their seniority and experience.

Finally, Plaintiffs request an hourly rate of $360 for Aarushi Khanna, a law clerk. Courts in this district have awarded fees for law clerks in lemon law cases at an hourly rate of $150. *See Cardoso v. FCA US LLC*, No. 20-CV-02250-JSC, 2021 WL 1176532, at *3 (N.D. Cal. Mar. 29, 2021) ($150/hour for law clerk). Higher hourly rates have been approved for law clerks in other types of cases. *See, e.g., In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving "billing rates for paralegals, law clerks, and litigation support staff rang[ing] from about $190 to $430, with most in the $300 range"); *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4063144, at *6 (N.D. Cal. Aug. 15, 2014) (approving up to $180 per hour for paralegals and law clerk). Taking into consideration that the *Cardoso* case is several years old, and the wide range of hourly rates awarded to law clerks in this district, the Court will approve an hourly rate of $200 for Aarushi Khanna.

**C. Lodestar Calculation**

The Court next calculates the lodestar for each timekeeper as to whom hours are allowed, and then the total lodestar for the allowable work of Plaintiffs' attorneys collectively.

| | **Timekeeper** | **Hours Awarded** | **Rate Awarded** | **Lodestar** |
|---|---|---|---|---|
| 1 | Tionna Carvalho | 2.5 | $637 | $1,592.50 |
| 2 | ~~Larry Chae~~ | 0 | -- | |
| 3 | Cindy Claxton | 9.5 | $595 | $5,652.50 |
| 4 | ~~Amir Dehghani~~ | 0 | -- | |
| 5 | Ainat Klewe | 2.7 | $635 | $1,714.50 |
| 6 | ~~Dheeraj Kumar~~ | 0 | -- | |
| 7 | Elizbeth Larocque | 17.8 | $640 | $11,392 |
| 8 | ~~Tara Mejia~~ | 0 | -- | |
| 9 | ~~Amol Sanap~~ | 0 | -- | |
| 10 | Payam Shahian | 17.8 | $650 | $11,570 |
| 11 | ~~Aggresh Vajpai~~ | 0 | -- | |
| 12 | ~~Sanam Vaziri~~ | 0 | -- | |
| 13 | ~~Greg Yu~~ | 0 | -- | |
| 14 | Aarushi Khanna | 4.0 | $200 | $800 |
| 15 | ~~Angel Baker~~ | 0 | -- | |
| 16 | Dara Tabesh | 30.5 | $650 | $24,375 |
| | **Totals** | **84.8** | | **$57,096.50** |

United States District Court
Northern District of California

Based on the above calculations, the Court finds that the lodestar for the time reasonably expended on this case by Plaintiffs' counsel is $57,096.50.

**D. No Adjustment to the Lodestar is Warranted**

Having determined the lodestar, the Court must decide whether the lodestar should be adjusted upward or downward.

Plaintiffs ask the court to adjust the lodestar upward by applying a multiplier of 1.35. When considering whether to apply a multiplier, a court should consider the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Reynolds*, 47 Cal. App. 5th at 1112 (quotation marks and citation omitted). Factor 1 weighs against granting a multiplier because this case does not present novel or difficult questions. Factor 2 also weighs against a multiplier because counsel did not display exceptional skill in litigating the case, and in fact filed a frivolous motion to remand. Counsel did obtain an excellent result for Plaintiffs through settlement, but it is unclear to what extent Defendants' offer of judgment may be attributed to counsel's skill. Factor 3 weighs against a multiplier, because Plaintiffs have not demonstrated that SLP or Eco Tech chose to forego other work in order to litigate this case. Factor 4 favors a multiplier because counsel undertook representation of Plaintiffs on a contingency basis. After considering all four factors, three of which do not favor a multiplier, the Court concludes that no multiplier is warranted in this case.

Defendant asks the court to adjust the lodestar downward. "If the time expended or the monetary charge being made for the time expended is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Robertson*, 144 Cal. App. 4th at 817. While it has determined that some of the hours and fees requested by Plaintiffs are unreasonable, the Court has addressed those issues in the calculation of the lodestar. The Court finds that reduction of the lodestar is not warranted.

**E. Fees for Reply in Support of Attorneys' Fees Motion**

In addition to the fees incurred in litigating this case through the filing of the present motion, Plaintiffs ask the Court for an additional award of $2,600 incurred in reviewing

United States District Court
Northern District of California

Defendant's opposition to the present motion and drafting a reply. Those fees are based on 4 hours spent by Angel Baker in drafting a reply brief and a 6-page compilation of evidentiary objections that were struck by the Court. The Court will grant fees for 2 hours of work by Ms. Baker in refiling the reply. Plaintiffs request an hourly rate of $650 for Ms. Baker, which the Court will approve based on twenty-plus years of legal experience. Consequently, the Court will allow the addition of fees in the amount of $1,300 to the lodestar amount of $57,096.50 for an award of reasonable attorneys' fees in the amount of $58,396.50.

This award is consistent with, albeit higher than, most attorneys' fees awards in lemon law cases in this district and throughout California. *See, e.g., Ricksecker*, 2023 WL 1542199, at *5 (awarding fees of $41,846.50); *Covarrubias*, 2021 WL 3514095, at *6 (awarding fees of $44,295.50); *Williams v. Ford Motor Co.*, No. 5:21-cv-01346-SPG-SHK, 2023 WL 405346, at *5 (C.D. Cal. Jan. 24, 2023) (awarding fees of $54,289.55). Plaintiffs cite three cases involving much large fee awards. *See Zargarian v. BMW of N. Am., LLC*, 442 F. Supp. 3d 1216, 1233 (C.D. Cal. 2020) (awarding fees of $148,538.50); *Zomorodian v. BMW of N. Am., LLC*, No. CV 17-5061-DMG (PLAx), 2019 WL 6534513, at *10 (C.D. Cal. July 23, 2019) (awarding fees of $213,447.50); *Jurosky v. BMW of N. Am., LLC*, No. 19cv706 JM (BGS), 2020 WL 6889184, at *2 (S.D. Cal. Nov. 24, 2020) (awarding fees of 154,187.95). The fees in *Zomorodian* were awarded after a jury trial, distinguishing that case from this one. *Zargarian* and *Jurosky* appear to be outliers that have not been followed by other courts and will not be followed by this Court here.

## IV. ORDER

(1) Plaintiffs' motion for attorneys' fees is GRANTED IN PART. Plaintiffs are awarded $58,396.50 in reasonable attorneys' fees.

(2) This order terminates ECF 74.

Dated: October 16, 2026

BETH LABSON FREEMAN
United States District Judge